UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| CHRISTOPHER TURNER, | ) | |
| | ) | Case Nos. 1:23-cr-100; 1:25-cv-202 |
| *Petitioner*, | ) | |
| v. | ) | Judge Travis R. McDonough |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Magistrate Judge Michael J. Dumitru |
| | ) | |
| *Respondent*. | ) | |
| | ) | |

## MEMORANDUM OPINION

Before the Court is Petitioner Christopher Turner's motion to vacate his sentence (Doc. 41 in Case No. 1:23-cr-100; Doc. 1 in Case No. 1:25-cv-202). Petitioner seeks to vacate his conviction and sentence arguing that his conviction under 18 U.S.C. § 922(g) is unconstitutional based on the Supreme Court's ruling in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). (*Id.*) For the following reasons, Petitioner's motion (*id.*) will be **DENIED**.

### I. BACKGROUND

On July 26, 2024, this Court entered judgment, sentencing Petitioner to 51 months' imprisonment after he pled guilty to one count of possession of a firearm by a convicted felon in violation 18 U.S.C. § 922(g)(1). (Docs. 34, 36 in Case No. 1:23-cr-100.) Petitioner did not file an appeal. On June 23, 2025, Petitioner filed the instant § 2255 motion. (Doc. 41 in Case No. 1:23-cr-100; Doc. 1 in Case No. 1:25-cv-202.)

## II.    STANDARD OF LAW

To obtain relief under 28 U.S.C. § 2255, a Petitioner must demonstrate: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process."[1]  *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

## III.    ANALYSIS

Petitioner argues that the Court should vacate his conviction and sentence because Section 922(g) is unconstitutional. (Doc. 41 in Case No. 1:23-cr-100; Doc. 1 in Case No. 1:25-cv-202.) Petitioner's challenge is based on the Supreme Court's decision in *Bruen*. In *Bruen*, the Supreme Court announced a new test to determine whether a firearm regulation violates the Second Amendment. *Id.* at 2131. The test focuses on whether the challenged firearm regulation is consistent with historical firearm regulations. *Id*. Petitioner argues that, after *Bruen*, the Government failed to meet its burden to prove the constitutionality of § 922(g)(1). *Bruen*,

---

[1] In ruling on a § 2255 petition, the Court must also determine whether an evidentiary hearing is necessary. "An evidentiary hearing is required unless the record conclusively shows that the petitioner is entitled to no relief." *Martin v. United States*, 889 F.3d 827, 832 (6th Cir. 2018) (quoting *Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012)); *see also* 28 U.S.C. § 2255(b). "The burden for establishing entitlement to an evidentiary hearing is relatively light, and where there is a factual dispute, the *habeas* court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Martin*, 889 F.3d at 832 (quoting *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999)) (internal quotation marks omitted). While a petitioner's "mere assertion of innocence" does not entitle him to an evidentiary hearing, the district court cannot forego an evidentiary hearing unless "the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id*. When a petitioner's factual narrative of the events is not contradicted by the record and not inherently incredible and the government offers nothing more than contrary representations, the petitioner is entitled to an evidentiary hearing. *Id*. In this case, an evidentiary hearing is not necessary because the record conclusively establishes that Petitioner is not entitled to relief.

however, did not concern a challenge to Section 922(g). *Bruen*, 142 S. Ct. 2111. Furthermore, the Sixth Circuit has squarely addressed and rejected Petitioner's argument in *United States v. Williams*, No. 23-6115, 2024 WL 3912894 (6th Cir. Aug. 23, 2024), holding that "[Section] 922(g)(1) is constitutional on its face and as applied to dangerous people." *Id.* at *18.

It is not entirely clear whether Petitioner is attempting to bring an as-applied challenge. (*See* Doc. 1.) However, even if he was, it would not change the Court's determination. The *Williams* court noted that "[a] person convicted of a crime is 'dangerous,' and can thus be disarmed, if he has committed [] a crime 'against the body of another human being,' including (but not limited to) murder, rape, assault, and robbery." *Id.* Here, Petitioner has multiple underlying felonies, including "voluntary manslaughter" and "possession of a firearm during commission or attempt to commit a felony." (Doc. 33, at 9 in Case No. 1:23-cr-100.) These are sufficiently dangerous crimes under *Williams* and, therefore, Section 922(g) is constitutional as applied to Petitioner. As a result, the Court finds no reason to vacate Petitioner's sentence.

IV. **CONCLUSION**

The record before the Court conclusively shows that Petitioner is not entitled to relief. Accordingly, an evidentiary hearing is unnecessary. *See Martin*, 889 F.3d at 832. Petitioner's § 2255 motion (Doc. 41 in Case No. 1:23-cr-100; Doc. 1 in Case No. 1:25-cv-202) is **DENIED**, and this action will be **DISMISSED WITH PREJUDICE**. Should Petitioner give timely notice of an appeal from this order, such notice will be treated as an application for a certificate of appealability, which is **DENIED** because he has failed to make a substantial showing of the denial of a constitutional right or to present a question of some substance about which reasonable jurists could differ. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Additionally, the Court has reviewed this case pursuant to Rule 24 of the

3
Case 1:23-cr-00100-TRM-MJD   Document 42   Filed 07/29/25   Page 3 of 4   PageID #: 211

Federal Rules of Appellate Procedure and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, any application by Petitioner for leave to proceed *in forma pauperis* on appeal is **DENIED**. *See* Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**